IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Genell Ham, | ) CIVIL ACTION NO. 2:13-0986-RMG-BM |
|         Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Alan Parker, Robert Campbell, Randal Reagan, Mary Springs, Geraldine Abraham, and Linda Bradshaw, | ) |
|         Defendants. | ) |

This action has been filed by the Plaintiff, who alleges she was an instructor at the Turbeville Correctional Institution, part of the South Carolina Department of Corrections (SCDC). All of the named Defendants are allegedly employees of the Palmetto United School District except for the Defendant Bradshaw, who is alleged to be the Deputy Warden of the Turbeville Correctional Institution. Plaintiff alleges she was discriminated against and harassed on the basis of her sex, and was "wrongfully terminated" by the Defendants after she complained about her discriminatory treatment. Plaintiff asserts several federal civil rights causes of action, as well as state law claims for battery and defamation.

**Procedural Background of Case**

The Defendants filed an Answer on July 22, 2013, and a scheduling order was entered on July 23, 2013 setting forth a discovery deadline of January 17, 2014. On January 14, 2014 (three

1



days before the discovery deadline), the Defendants filed a motion to compel discovery. In their motion, the Defendants assert that Plaintiff had never filed her responses to Local Rule 26.03 Interrogatories, and had also failed to provide "formal written answers to Defendants' First Set of Interrogatories [or] responses to Defendants' First Request for Production of Documents". Defendants' further assert in their motion that Plaintiff had not herself conducted any discovery in the case at all.

Attached to Defendants' motion are copies of Defendants discovery requests, as well as emails dating back to September 2013 setting forth Defendants' attempts to obtain discovery responses from Plaintiff's counsel. One of these emails indicates that, in addition to written discovery, Plaintiff's deposition had been noticed for January 16, 2014, but that the Defendants had not heard from Plaintiff's counsel regarding Plaintiff's deposition, and further stating therein "[f]rankly, it appears that your client [h]as abandoned her case. If that is so, please notify us immediately, and we will be happy to file a joint dismissal with prejudice". There is no response from Plaintiff's counsel to this email contained in the exhibits provided to the Court. There is, however, an email from Plaintiff's counsel dated December 18, 2013, wherein he requests a thirty day extension to answer Defendants' discovery requests, stating therein that he had had the flu. Defense counsel responded to this email by advising Plaintiff that a thirty day extension would take the parties beyond the discovery deadline set forth in the scheduling order, and that Plaintiff would need to file a motion (which Defendants would not oppose) to extend the discovery deadline. However, no motion was ever filed. See generally, Defendants' Motion to Compel, with attached exhibits.

Following the expiration of the deadline for completing discovery in this case, the



Defendants filed a motion to dismiss Plaintiff's case for lack of prosecution pursuant to Rule 41(b), Fed.R.Civ.P., arguing therein that (despite repeated requests) Plaintiff had still never filed Local Rule 26.03 Interrogatories, had never responded to Defendants' discovery requests, as well as that Plaintiff failed to appear for her scheduled deposition. With respect to Plaintiff's scheduled deposition, a transcript was prepared after Plaintiff did not appear, which reflects that defense counsel called Plaintiff's counsel, and was told by Plaintiff's counsel "that he simply forgot about the deposition and did not even know if he had notified his client that there was a deposition today". However, on January 18, 2014 (the day after expiration of the discovery period in this case), defense counsel received an email from Plaintiff's counsel apologizing for allowing Plaintiff's deposition to "fall between the cracks", but stating that he would "get discovery done next week, god willing". See generally, Defendants' Motion to dismiss, with attached exhibits.

Plaintiff filed a document styled "response to motion" on January 29, 2014, which appears to be Plaintiff's response to both the motion to compel and motion to dismiss. In this response, Plaintiff argues that he informed defense counsel by email that he would require an additional thirty days to respond to discovery, and that Plaintiff's counsel "took defendants' silence as acquiescence". However, as previously noted, defense counsel *did* respond to Plaintiff's email, telling Plaintiff that he would need to file a motion to amend the scheduling order to obtain a thirty day extension, which defense counsel would not oppose. See Court Docket No. 14-2, p. 7. No such motion was ever filed. Plaintiff's counsel also states in his response that he has offered to "give Plaintiff's deposition by consent", and that "[h]er deposition can proceed at the convenience of Defense counsel". Plaintiff then relates some personal issues he has been dealing with, argues that Plaintiff was in the process to responding to discovery requests and that the Defendants have suffered

3



no prejudice, and states that in any event "Plaintiff has no personal responsibility for any delinquency". In a subsequent filing of February 4, 2014, Plaintiff submitted copies of Plaintiff's responses to Defendants' Interrogatories and Requests to Produce. However, the Court is constrained to note that many of these responses reflect that Plaintiff is in the process of obtaining further information and/or documents. Several responses also contain the notation "see attached"; however, there are no attachments to the responses filed with the Court.[1] See generally, Plaintiff's Responsive Filings.

The Defendants filed a reply memorandum on February 7, 2014, noting again that they had in fact responded to Plaintiff's request for a thirty day extension of the discovery deadline. With respect to Plaintiff's offer to have her deposition proceed at the "convenience of Defense counsel", Defendants note that the discovery period in this case has now expired and a motion to dismiss has been filed. Further, with respect to Plaintiff's purported answers to interrogatories filed with the Court, Defendants' counsel represents that Plaintiff's counsel told defense counsel that these answers were only a "first draft". Defendants also note that Plaintiff names an expert witness, even though the deadline for Plaintiff to have named an expert witness was October 17, 2013. See Court Docket No. 9. Further, Plaintiff's return to Defendants Request to Produce includes no medical reports, no tape recordings, or any expert reports, and Defendants assert that as of the date of the filing of Defendants' reply (February 7, 2014) "none of these items have been produced . . . .". See generally Defendants' Reply Memorandum, with attached exhibits.

---

[1] Defendants also note that in both of Plaintiff's responsive filings, the Defendant is listed a being Chase Mortgage Company. Defendants state that they are therefore uncertain whether Plaintiff's response is actually a response addressed to this case, or was intended to address some other case. Plaintiff's responses also contain an incorrect civil action number.

4



**Discussion**

While "[t]here is no doubt that Federal Courts possess the inherent authority to dismiss a case with prejudice . . . " under Rule 41(b), Fed.R.Civ.P.; see Link v. Wabash Railroad Co., 370 U.S. 626, reh'g. denied, 371 U.S. 873 (1962); Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997); whether to dismiss under Rule 41(b) is a matter for the Court's discretion. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). The Court of Appeals for the Fourth Circuit has developed a four-prong test to determine whether a Rule 41(b) dismissal is appropriate. The District Court must consider (1) the degree of personal responsibility of the Plaintiff; (2) the amount of prejudice caused the Defendant; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of sanctions less drastic than dismissal. Chandler Leasing Corp. V. Lopez, 669 F.2d 929 (4th Cir. 1982); Tinsley v. Quick & Reilly, Inc., 216 F.R.D. 337, 338 (E.D.Va. 2001); Contreras v. NFN Pettiford, No. 05-3552, 2006 WL 2621866 (D.S.C. Sept. 11, 2006).

The record before the Court in this case shows that Plaintiff failed to appear for her deposition, failed to respond to Defendants' discovery requests, failed to properly or timely communicate with defense counsel, and has otherwise failed to prosecute her case in accordance with instructions set forth in the Court's scheduling order. Hence, the degree of personal responsibility of the Plaintiff is manifest. The docket and filings in this case further clearly set out a "drawn-out history of deliberately proceeding in a dilatory fashion" by the Plaintiff. Therefore, Plaintiff meets the first and third prongs of the Fourth Circuit's four prong test.

Additionally, while the Plaintiff has engaged in the conduct described herein, the continuation of this action has caused the Defendants to incur continuing costs and expenses

5



associated with this lawsuit, while Plaintiff's failure to cooperate in discovery has prejudiced the Defendants' ability to ascertain the facts and prepare a defense in this action. Therefore, the facts in this case clearly also satisfy the second prong of the Fourth Circuit's four prong test.

However, with respect to the fourth prong of the Fourth Circuit's four prong test, while the record in this case shows that Plaintiff failed to timely respond to Defendants' discovery requests and failed to appear for her deposition, she has (since the filing of Defendants' motions) provided at least some responses to Defendants' discovery requests (although wholly inadequate in their totality) and is now offering to sit for her deposition. Further, while it is hard to excuse the conduct of Plaintiff's counsel in this case, there is no indication in any of the filings before the Court that the Plaintiff herself bears any personal responsibility for the drawn out and dilatory fashion in which this case has been prosecuted. Indeed, Plaintiff's counsel indicates in one of his emails that he was not even sure he had told Plaintiff about her scheduled deposition. Under these circumstances, dismissing Plaintiff's claims with prejudice would be an unnecessarily harsh remedy, at least at this point in the proceedings. Instead, in an effort to try and fashion some sanction less drastic than dismissal, but sufficient to impress upon the Plaintiff and her counsel the need for cooperation and compliance with the discovery rules of this Court, a monetary penalty could be considered by the Court. An order from the Court in this regard could impress both upon the Plaintiff herself that if she fails to cooperate in discovery in this case her claims will be dismissed, while through the payment of some fees and costs by Plaintiff's counsel, he will be placed on notice that a failure to properly prosecute Plaintiff's case from this point forward and respond to filings by the Defendants and/or the Court can result in monetary sanctions to him. This will also allow the Defendants to recoup some of the losses they have incurred as a result of Plaintiff's failure to



properly prosecute her claims to this point.

If this option is accepted by the Court, the Defendant should be required, within ten days of any order of the Court adopting this Report and Recommendation, to submit an affidavit of fees and costs incurred as a result of having to file their motions to secure the relief sought herein. Plaintiff's counsel may then submit any objections he may have to the amount of fee and costs requested, with the Court then entering a final order setting the proper amount due, if any, to be paid by Plaintiff's counsel. In the event any payment required by the Court is then made, Defendants' motion to dismiss this case as a sanction for Plaintiff's conduct should then be denied, with a new deadline set for the completion of discovery in this case. However, in the event Plaintiff's counsel fails to timely remit any payment ordered by the Court, the Defendants' motion should be granted, and this action dismissed with prejudice. Further, if Plaintiff fails to even respond to this Report and Recommendation, dismissal under Rule 41(b) should be granted.

### Conclusion

Based on the foregoing, it is recommended that, if Plaintiff fails to respond to this Report and Recommendation, the Defendants' motion to dismiss with prejudice pursuant to Rule 41(b), Fed.R.Civ.P. be **granted**, and this case **dismissed**.

If, however, Plaintiff files a response or objection to this Report and Recommendation indicating a willingness to continue with the prosecution of this case and to comply with the rules of this Court, the Defendants should be required to submit an affidavit of fees and costs incurred as a result of Plaintiff's conduct, with payment to be made by Plaintiff's counsel thereon, all as is set forth hereinabove. Upon receipt of such payment, Defendants' motion to compel would be **moot**, Defendants' motion to dismiss should be **denied**, and the matter should be recommitted to the

7



undersigned for entry of an amended scheduling order.

        The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 11, 2014
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

