IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Genell Ham, | ) |
|                 Plaintiff, | ) No. 2:13-cv-986-RMG |
| v. | ) **ORDER** |
| Alan Parker, Robert Campbell, Randal Reagan, Mary Springs, Geraldine Abraham, and Linda Bradshaw, | ) |
|                 Defendants. | ) |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court require Plaintiff's counsel to pay Defendants' costs and fees. (Dkt. No. 19). As set forth below, the Court adopts the recommendation of the Magistrate Judge.

**Background**

Plaintiff filed this complaint on April 11, 2013, alleging wrongful termination from her employment at the Turbeville Correctional Institution. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(g) DSC, this matter was automatically referred to a Magistrate Judge for pretrial proceedings. The Magistrate Judge then issued a scheduling order which set the deadline for discovery at January 17, 2014. (Dkt. No. 9). Defendants then filed a motion to compel discovery on January 14, 2014, noting that Plaintiff had also never filed her Local Rule 26.03 Interrogatories. (Dkt. No. 14). Subsequently, Defendants filed a motion to dismiss for lack of prosecution on January 20, 2014, noting a lack of participation in discovery and Plaintiff's failure to appear for her deposition set for January 16, 2014. (Dkt. No. 15). Plaintiff then filed a response in opposition to the motion to dismiss, (Dkt. No. 16), and

1

Defendants filed a reply, (Dkt. No. 18). The Magistrate Judge then issued the present R&R. (Dkt. No. 19). Plaintiff then filed an objection to the R&R, (Dkt. No. 20), and Defendants filed a response, (Dkt. No. 22).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record, the R&R, and the parties' arguments, the Court finds that the Magistrate Judge ably applied the law to the facts of this case and therefore agrees with and adopts the recommendation of the Magistrate Judge to require Plaintiff's counsel to pay Defendants' costs and fees.

Plaintiff's counsel objects to this recommendation. He argues that delays in the case were caused by various personal issues and the demands of other cases and that Defendants have suffered no prejudice from the delay. (Dkt. No. 20). The Court agrees with the Magistrate Judge, however, that Defendants have suffered from the delay because they have been unable to prepare a proper defense to Plaintiff's claims in a timely fashion pursuant to the Court's scheduling order. Further, the Court is not persuaded by Plaintiff's counsel's arguments that the delay should be excused.

## Conclusion

As set forth above, the Court agrees with and adopts the recommendation of the Magistrate Judge to require Plaintiff's counsel to pay Defendants' costs and fees. However, the Court limits this sanction to the costs and fees associated with Defendants' drafting and defending its motion to dismiss this action for failure to prosecute. Defendants should submit to the Court an affidavit of fees and costs incurred within ten days of this order. Plaintiff will then be allowed to object to the amount within 10 days thereafter. The Court will then enter an order setting the amount due. When payment is made, the Court will deny the motion to dismiss for failure to prosecute, deny the motion to compel as moot, and an amended scheduling order will be entered. Should no payment be made in compliance with the Court's order, the Court will then consider further sanctions.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March 6, 2014
Charleston, South Carolina