IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED

2014 DEC -5 A 9:02

| | |
|---|---|
| Genell Ham, | ) |
|               Plaintiff, | ) Civil Action No. 2:13-cv-00986-RMG |
| v. | ) **ORDER** |
| Alan Parker, Robert Campbell, Randall Johnson & Johnson Incorporated, | ) |
|               Defendants. | ) |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court grant Defendants' Motion for Summary Judgment. (Dkt. No. 45). For the reasons herein, the Court agrees with and adopts the Report and Recommendation of the Magistrate Judge.

## I. Background

Plaintiff filed this employment discrimination action on April 11, 2013 against six parties associated with her former employer, the Turbeville Correctional Institution, asserting four federal causes of action and two state causes of action. She alleges that she was wrongfully terminated from her position on April 13, 2010, after certain instances of sexual harassment and discrimination. Her first two causes of action allege sex discrimination and retaliation in violation of 42 U.S.C. § 1981. In her third and fourth causes of action, she alleges sex discrimination and violation of her First Amendment right of free speech under 42 U.S.C. § 1983. Her fifth and sixth causes of action allege state claims of battery and defamation.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g) DSC, this matter was referred to a Magistrate Judge for all pretrial proceedings.

As the R&R details, there were a number of problems with discovery, which resulted in the Court granting sanctions against Plaintiff's counsel (Dkt. Nos. 28, 40). On August 25, 2014, Defendants filed a motion for summary judgment regarding all of Plaintiff's claims (Dkt. No. 45). Plaintiff then filed a response (Dkt. No. 46) and Defendant filed a reply (Dkt. No. 47). The Magistrate Judge issued the R&R on October 29, 2014, recommending this Court grant Defendant's motion for summary judgment. (Dkt. No. 48). Both parties filed timely objections to the R&R (Dkt. Nos. 50, 51).

## II. Discussion

### A.    Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

This Court is charged with making a de novo determination of those portions of the R&R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

As to portions of the R&R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for

2

adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only material facts–those "that might affect the outcome of the suit under the governing law"–will preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* At the summary judgment stage, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

### B.    Federal Claims

Plaintiff alleges that at her former employment Defendants perpetrated or condoned inappropriate behavior toward her, such as hugging, flirting, and false accusations of misconduct at work. (R&R at 2-3). The Court has reviewed the R&R, the full record in this matter and the relevant legal authorities. The Court finds that the Magistrate Judge ably and properly summarized the factual and legal issues and appropriately recommended that the federal claims in the case be dismissed with prejudice and the pendant state claims be dismissed without prejudice.

Plaintiff's Objections (Dkt. No. 51) raise four issues, none of which is sufficient to raise a genuine dispute of material fact. First, she argues that the affidavit of a private investigator, testifying that he heard a tape of a conversation in which she argued with her employers, is relevant and should be included in the record. As the R&R explains, the investigator was not named as a potential witness within the discovery deadlines, and the affidavit is therefore

3

inadmissible. Failure to produce the referenced tape recording also violates the Court's prior Orders regarding discovery.

Second, she argues that 42 U.S.C. § 1981 provides a cause of action for sex discrimination in the workplace, as it is "no less abhorrent than race discrimination." Use of Section 1981's protection does not depend on the weight of discriminatory evils; based on the text (mandating that all persons have the same legal rights "as [are] enjoyed by white citizens") and controlling caselaw, its coverage simply does not extend to sex discrimination. *See* R&R at 9; *Cornell v. Gen. Elec. Plastics*, 853 F. Supp. 221, 223 (S.D.W. Va. 1994) (collecting cases). The first and second causes of action are therefore dismissed.

Third, Plaintiff contends that the Court should "infer the ultimate fact of discrimination from the falsity of the employer's explanation." (Dkt. No. 51 at 5). However, as the R&R explains in detail, Plaintiff has provided no evidence to show either the verity of her allegations against Defendants *or* the falsity of Defendants' proffered reasons for firing her, which included her leaving students unattended, yelling at coworkers, refusing to cooperate with classroom visits, and inappropriately accessing a co-worker's email account. (R&R at 14-16). Plaintiff has not met her burden of showing that these reasons were pretextual (*e.g. Conkwright v. Westinghouse Elec. Corp.*, 933 F.2d 231, 234-235 (4th Cir. 1991), and the third claim is also dismissed.

Finally, Plaintiff argues that her First Amendment claim should be preserved, as her actual firing took place on April 13, 2010, just under three years before she filed suit, and her complaint is therefore not time barred. However, even assuming that the alleged violation of her right to free speech referred to in her complaint took place upon her firing, not during altercations prior to the firing, she has not alleged facts sufficient to raise a genuine issue as to

4

whether her First Amendment rights were violated. First, she has failed to allege facts showing a link between her speech and her termination. Second, she has failed to demonstrate that her speech was a matter of "public concern." *See Holland v. Maryland*, 307 Fed. Appx. 756, 747 (4th Cir. 2009) (personal grievances do not constitute speech about matters of public concern that are protected by the First Amendment).

### C.    State Claims

Plaintiff has submitted no objection to the Magistrate Judge's recommendation to dismiss the two state claims without prejudice. However, Defendants do object, arguing that the dismissal should be with prejudice because the battery claim is time barred and no evidence has been submitted on the defamation claim. (Dkt. No. 50 at 7-8). A federal court does have discretion to decide pendant state law claims if federal and state claims arise out of a common nucleus of operative facts; however, if the federal claims are dismissed before trial, the state claims are normally dismissed as well. *E.g.*, *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Webb v. McCullough*, 828 F.2d 1151, 1150 (6th Cir. 1987). The state judicial system is a more appropriate forum for resolution of these claims if Plaintiff is able to put forth evidence in their support, and they are hereby dismissed without prejudice.

### III. Conclusion

For the reasons set forth above, the Court agrees with and adopts the conclusions of the R&R. Accordingly, Defendants' Motion for Summary Judgment is granted. (Dkt. No. 45). The first four claims are therefore dismissed with prejudice. The fifth and sixth claims are dismissed without prejudice

5

_____
Richard Mark Gergel
United States District Court Judge

December 5, 2014
Charleston, South Carolina

6